IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES H. MITCHELL II | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0036-B |
| | § | |
| SHERIFF LUPE VALDEZ, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Charles H. Mitchell II, an inmate in the Dallas County Jail, against Sheriff Lupe Valdez and various members of the jail medical staff. On January 8, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on January 23, 2007. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In October 2004, plaintiff was booked into the Dallas County Jail on unspecified criminal charges. At book-in and on multiple occasions during his subsequent incarceration, plaintiff advised the jail staff that he suffered from chronic headaches and requested medical treatment for that condition. Yet plaintiff was not examined by a doctor until September 14, 2006. The doctor prescribed naproxen for 14 days and authorized two 30-day refills. However, jail officials have refused to refill plaintiff's prescription, forcing him instead to perform odd jobs at the jail and borrow money from his elderly mother in order to purchase ibuprofen at the commissary. Plaintiff alleges that he has "suffered much, sometimes extreme pain due to not being able to get medication" and is "constantly under stress as to what if tomorrow I cannot get help." (Interrog. #8). By this suit, plaintiff seeks money damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232,

81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim against two of the defendants named in his complaint--Sheriff Lupe Valdez and Dr. Walter Skinner, the jail medical director. As supervisors, these defendants are liable only if: (1) they affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). It is clear from plaintiff's interrogatory answers that neither Valdez nor Skinner was personally involved in the alleged constitutional deprivations made the basis of this suit. Instead, plaintiff maintains that these defendants are responsible for the actions of their subordinates. (*See* Interrog. #3, 4). Such allegations are insufficient to state a claim against Valdez or Skinner in their individual capacities. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989); *Hill v. Dallas Co. Jail*, No. 3-05-CV-1342-M, 2006 WL 785496 at *2 (N.D. Tex. Jan. 11, 2005) (Kaplan, J.).[1]

C.

Plaintiff alleges that jail officials ignored his frequent complaints of chronic headaches and failed to dispense naproxen as prescribed by his doctor. This claim is governed by the deliberate

---

[1] To the extent plaintiff attempts to sue Valdez and Skinner for failing to respond to his grievances, such a claim is not cognizable under 42 U.S.C. § 1983. *See Beall v. Johnson*, 54 Fed.Appx. 796, 2002 WL 31845615 at *1 (5th Cir. Dec. 12, 2002) (prisoner has no constitutional right to have grievances investigated).

indifference standard of the Eighth Amendment to the United States Constitution. In order to establish a constitutional violation, plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that the jail medical staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Deliberate indifference is an extremely high standard to meet. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A plaintiff must show that the medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Assuming plaintiff can establish deliberate indifference,[2] this claim still fails as a matter of law. Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124

---

[2] Several courts have rejected claims brought by prisoners alleging deliberate indifference on the part of jail officials for failing to dispense medication where the same or substantially similar medication was available for purchase at the commissary. *See, e.g. Quackenbush v. County of Santa Barbara*, 175 Fed.Appx. 801, 2006 WL 897236 at *1 (9th Cir. Mar. 8, 2006); *Sallee v. State of Indiana*, No. 3-06-CV-020-AS, 2006 WL 287162 at *3 (N.D. Ind. Feb. 3, 2006); *Slusher v. Suthers*, No. 01-CV-02299-PSF, 2006 WL 2846452 at *9 (D. Colo. Sept. 29, 2006). Here, plaintiff admits that he has been using ibuprofen to treat his headaches. Ibuprofen, sold under the brand names "Motrin" and "Advil," is similar to naproxen, sold under the brand name "Aleve." Significantly, plaintiff does not allege that ibuprofen is ineffective. Rather, plaintiff complains only that he is required to work at the jail or borrow money from his mother in order to purchase this medication at the commissary.

S.Ct. 2071 (2004). When asked if he suffered any physical injury as a result of the lack of medical attention for his headaches, plaintiff responded, "N/A." (Interrog. #9). The only evidence of physical injury anywhere in the record is plaintiff's allegation that he sometimes suffers from "extreme pain" due to the failure of jail officials to dispense headache medication. (Interrog. #8). Such symptoms are insufficient to establish "physical injury" under the PLRA. *See, e.g. Mitchell v. Horn*, No. 98-4742, 2005 WL 1060658 at * (E.D. Pa. May 5, 2005) (severe headache was temporary *de minimis* injury); *Osterback v. Ingram*, No. 3-96-CV-580-LAC, 2000 WL 297840 at *3 (N.D. Fla. Jan. 12, 2000) (migraine headache does not rise to level of physical injury); *Morgan v. Dallas County Sheriff Dep't*, No. 3-04-CV-2172-D, 2005 WL 57282 at *2 (N.D. Tex. Jan. 11, 2005), *rec. adopted*, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (allegation of "undue pain . . . on a regular basis" insufficient to establish physical injury).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  January 30, 2007.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE